UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR FORREST; KWAINE THOMPSON,

                   Plaintiffs,

-against-

DEPARTMENT OF CORRECTION, *et al.*,

                   Defendants.

21-CV-10152 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Trevor Forrest and Kwaine Thompson, who are currently detained in the George R. Vierno Center on Rikers Island, filed this unsigned *pro se* complaint claiming that Defendants violated their constitutional right to practice their Muslim faith and subjecting them to lockdown practices that impede their ability to access medical services and recreation. (ECF 2.) Plaintiffs submitted two applications for leave to proceed *in forma pauperis* (IFP), but both are deficient.[1] (ECF 1, 5.) Both Plaintiffs submitted prisoner authorizations and a motion for *pro bono* counsel. (ECF 3, 4, 6.) For the reasons set forth below, the claims of Forrest and Thompson are severed under Fed. R. Civ. P. 21.

## DISCUSSION

**A.**    **Order Severing Claims**

      Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the

---

[1] One IFP application lists only Forrest's name in the caption, but only Thompson signed it, and thus it is not clear to whom the information applies. (ECF 1.) The other IFP application, signed only by Thompson, is incomplete because the signature page is taken from an application for *pro bono* counsel. (ECF 5.)

action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, ECF No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, ECF No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)). While Forrest's and

Thompson's claims are similar in nature, the facts underlying their claims are specific to each plaintiff.

Even if Forrest and Thompson were properly joined in this action, however, the Court finds that the practical realities of managing this *pro se* two-prisoner litigation militate against adjudicating their claims in one action. As *pro se* litigants, Forrest and Thompson may appear only on their own behalf; one may not appear as an attorney for the other. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During the course of this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Forrest and Thompson would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, ECF No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely

inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a two-plaintiff case would not be fair to Forrest and Thompson and would not achieve judicial economy. Allowing each plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into individual cases. Trevor Forrest will proceed as the sole plaintiff in this action. Kwaine Thompson will be assigned a new case number. A copy of the complaint, Thompson's prisoner authorization, the deficient IFP applications (ECF 1, 2, 3, and 5) and this order will be docketed in the new case. The cases will proceed as separate actions from this point on, and Forrest and Thompson will not be regarded as co-plaintiffs, except upon further order of the Court.[2]

**B.      Declaration of Intent to Proceed as a Plaintiff**

Plaintiff Forrest did not sign the complaint. As discussed above, Rule 11(a) of the Federal Rules of Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court of the United States has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

The Court directs Plaintiff Forrest, within 30 days, to sign and submit the attached declaration. Plaintiff should include docket number 21-CV-10152 (LTS) on that form.

---

[2] The severance of Forrest's and Thompson's claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

C.     **Leave to proceed IFP**

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[3] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff Forrest did not submit a completed IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 21-CV-10152 (LTS).[4]

D.     **Motion for *pro bono* counsel**

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the

---

[3] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[4] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.

facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, the motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

The Court severs the claims of Trevor Forrest and Kwaine Thompson under Fed. R. Civ. P. 21. Trevor Forrest will proceed as the sole plaintiff in this action. Trevor Forrest is directed to sign and return the attached declaration form and IFP application under this docket number, 21-CV-10152 (LTS).

The motion for *pro bono* counsel is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 4.)

The Clerk of Court is further directed to open a separate civil action with a new docket number for Plaintiff Kwaine Thompson. A copy of the complaint, the two deficient IFP applications, and Thompson's prisoner authorization (ECF 1, 2, 5, 6) and this order shall be docketed in the new case. Once the new case is opened, the Court will direct Kwaine Thompson to submit an IFP application and declaration form establishing his intent to proceed as a plaintiff.

The Clerk of Court is directed to mail a copy of this order to Trevor Forrest and Kwaine Thompson and note service on the docket.

SO ORDERED.

Dated:   December 6, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

# APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes   ☐ No   (If "No," go to Question 2.)

    I am being held at: _____

    Do you receive any payment from this institution?  ☐ Yes   ☐ No

    Monthly amount: _____

    If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐ Yes   ☐ No

    If "yes," my employer's name and address are:

    Gross monthly pay or wages: _____

    If "no," what was your last date of employment? _____

    Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

    (a) Business, profession, or other self-employment     ☐ Yes   ☐ No
    (b) Rent payments, interest, or dividends              ☐ Yes   ☐ No

|  |  |  |
|---|---|---|
| (c) Pension, annuity, or life insurance payments | ☐ Yes | ☐ No |
| (d) Disability or worker's compensation payments | ☐ Yes | ☐ No |
| (e) Gifts or inheritances | ☐ Yes | ☐ No |
| (f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) | ☐ Yes | ☐ No |
| (g) Any other sources | ☐ Yes | ☐ No |

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:*  I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____         _____
Dated                                                          Signature

_____         _____
Name (Last, First, MI)                                Prison Identification # (if incarcerated)

_____         _____
Address                    City                         State            Zip Code

_____         _____
Telephone Number                                 E-mail Address (if available)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Click here to enter text.,

    Choose an item.,

-against-

Click here to enter text.,

    Choose an item..

Click here to enter text.

DECLARATION

    I, Click here to enter text., declare under penalty of perjury that the foregoing is true and correct:

    I am a plaintiff in this action and I respectfully submit this declaration in response to the Court's order dated Click here to enter a date.. I have signed this declaration as proof that I have read the complaint in this action and that I am a plaintiff in this action. Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) the complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

| Dated | Signature |
|---|---|
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address (if available) |
|---|---|

1