UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KWAINE THOMPSON,<br><br>                    Plaintiff,<br><br>-against-<br><br>DEPARTMENT OF CORRECTION; G.R.V.C. WARDEN RENEE; CAPT. CARTER; CITY OF NEW YORK,<br><br>                    Defendants. | 21-CV-10371 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND ORIGINAL SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kwaine Thompson, who is currently detained in the George R. Vierno Center on Rikers Island, brings this action *pro se*.[1] Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees that are required to file a civil action in this court or submit a completed request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. Plaintiff must also, within 30 days of the date of this order, submit a signed declaration establishing his intent to proceed as a plaintiff in this action.

A.      **Declaration of Intent to Proceed as a Plaintiff**

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a

---

[1] Plaintiff Kwaine Thompson submitted the complaint along with another detainee, Trevor Forrest. *See Forrest v. Dep't of Corr.*, ECF 1:21-CV-10152, 2 (S.D.N.Y. filed Nov. 30, 2021). By order dated December 6, 2021, the Court severed the claims of Trevor Forrest and Kwaine Thompson under Fed. R. Civ. P. 21. (ECF 5.) The Court's order further directed that Trevor Forrest will proceed as the sole plaintiff in that action (No. 21-CV-10152) and directed the Clerk of Court to open a new civil action with a new docket number for Plaintiff Thompson.

name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Here, Plaintiff did not sign the complaint. The Court therefore directs Plaintiff, within 30 days, to sign and submit the attached declaration. Plaintiff should include docket number 21-CV-10371 (LTS) on that form.

**B.    Leave to Proceed IFP**

To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[2] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted a prisoner authorization, but he did not submit a completed IFP application.[3] Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in

---

[2] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[3] Plaintiffs Thompson and Forrest submitted two IFP applications, but both are deficient. One IFP application lists only Forrest's name in the caption, but only Thompson sign it, and thus it is not clear to whom the information applies. (ECF 1.) The other IFP application, signed only by Thompson, is incomplete because the signature page is taken from an application for *pro bono* counsel. (ECF 4.)

fees or submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 21-CV-10371 (LTS).[4]

## CONCLUSION

The Court directs Plaintiff, within thirty days of the date of this order, to either pay the $402.00 in fees that are required to file a civil action in this court or submit a completed request to proceed IFP. The Court further directs Plaintiff, within 30 days of the date of this order, to submit a signed declaration establishing his intent to proceed as a plaintiff in this action.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

---

[4] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed as frivolous, malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 7, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge