```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  7/28/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

        Plaintiff,

    -against-

WARDEN RENEE, et al.,

        Defendants.

21-CV-10371 (VEC) (BCM)

**ORDER DENYING MOTIONS TO AMEND OR SUPPLEMENT, FOR DISCOVERY, AND FOR APPOINTMENT OF COUNSEL**

**BARBARA MOSES, United States Magistrate Judge.**

*Pro se* plaintiff Kwaine Thompson filed his Complaint (Dkt. 2) on December 6, 2021, and his Amended Complaint (Am. Compl.) (Dkt. 25) on April 29, 2022. The Amended Complaint principally alleges that plaintiff, who is a pretrial detainee at Rikers Island, has been denied adequate recreation, medical care, and freedom to practice the Muslim religion. After plaintiff amended his pleading, defendants withdrew their then-pending motion to dismiss the original Complaint and, on July 14, 2022, moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkts. 27-28, 41-43.) Plaintiff's papers in opposition to the motion to dismiss are due on August 25, 2022. (Dkt. 44.)

Over the past several weeks, plaintiff has filed:

(1)    An undated typed letter, received July 7, 2022 (Dkt. 36), seeking to "add another violation" in this action, arising from an incident on June 18, 2022, when plaintiff was "on a video visit conference and ten minutes into my visit it got terminated";

(2)    An undated typed document, also received July 7, 2022 (Dkt. 37), headlined, "This is my amended civil complaint from Kwaine Thompson," in which plaintiff discusses his religious beliefs and requests the entry of summary judgment and the appointment of *pro bono* counsel on his behalf;

(3)    A hand-written letter, postmarked July 7 and filed July 13, 2022 (Dkt. 39), requesting discovery, including videos and logbooks, that according to plaintiff will support his claims, made in the Amended Complaint, that he has been denied recreation and not permitted to attend Muslim services;

(4)    A typed document titled Amended Complaint, received July 20, 2022 (Dkt. 45), in which plaintiff alleges that on July 8, 2022, he was sexually harassed by a

Correction Officer, that on July 11, 2022, he was "set up" for a fight against another inmate by two other Correction Officers in retaliation for making a sexual harassment complaint about the first Correction Officer, and that during the fight he fell and broke his ankle;

(5)     An unsigned typed document, also titled Amended Complaint, received July 21, 2022 (Dkt. 46), in which plaintiff alleges that an order issued by a New York court in his pending criminal case, which prevents him from making phone calls except to his criminal defense attorney, violates his Constitutional right of access to the courts;

(6)     Another unsigned typed document, also titled Amended Complaint and received July 21, 2022 (Dkt. 49),[1] alleging that plaintiff was harassed in retaliation for filing this lawsuit, denied medical attention, denied access to the law library, denied family and video visits, including a visit from his son on July 15, 2022, and "denied sending money home";

(7)     An undated typed letter, postmarked July 18 and filed July 22, 2022 (Dkt. 47), requesting the entry of summary judgment "because defendants [have] not yet answer[ed] my amended complaint"; and, most recently,

(8)     A hand-written letter, received July 25, 2022 (Dkt. 48), enclosing various "documents to be included in my pending trial and lawsuit against the city," complaining again that plaintiff's phone calls are restricted, and alleging that he is "being retaliated against" by unnamed Department of Correction (DOC) staff who are "denying my visits" and that he is being "sexually harassed and assaulted" by unnamed DOC staff.

### Motions to Amend or Supplement

"Litigation, including motion practice, is an ordered process," *Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022), governed by the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the Individual Practices of the presiding judge. The Federal Rules of Civil Procedure generally permit a plaintiff to amend his complaint once, as of right, if he does so before an answer or summary judgment motion is filed, and thereafter only with leave of the Court. Fed. R. Civ. P. 15(a). In this case, plaintiff has already amended his complaint once, and defendants have challenged the Amended Complaint by motion, as is their right

---

[1] The document was received by the Pro Se Intake Unit on July 21, 2022, but was inadvertently posted to the electronic docket out of order.

pursuant to Fed. R. Civ. P. 12(b). Consequently, the Court construes plaintiff's filings at Dkts. 36, 37, 45, 46, 49, and 48 (in part) as motions for leave to further amend or supplement the Amended Complaint pursuant to Rules 15(a)(2) and/or 15(d). As so construed, the motions are DENIED except to the extent noted below.

The filings at Dkts. 36, 45, 46, 49, and 48 all raise new allegations of wrongdoing which do not appear to be related to plaintiff's pending claims. Dkt. 36 (which describes an incident on June 18, 2022, when plaintiff's visitation was cut short), Dkt. 45 (which describes incidents on various dates in July 2022, including July 11, when plaintiff was "set up" for a fight in retaliation for making a sexual harassment complaint), Dkt. 49 (which alludes to unspecified harassment and describes a family visit that was blocked on July 15, 2022), and Dkt. 48 (which reiterates plaintiff's claims of retaliation, visitation curtailment, and sexual harassment) all arise out of new events that are alleged to have occurred since the filing of Amended Complaint. Moreover, Dkts. 45 and 49 seek to add new defendants – solely in connection with the July 11 and July 15 incidents – who are not mentioned in the Amended Complaint and played no known role in the events described therein.

Dkt. 46 (and, potentially, Dkt. 48) seek to challenge an order issued by a New York state court on October 12, 2021 (the State Court Order),[2] which restricts plaintiff's outgoing phone calls. Although plaintiff was aware of the State Court Order when he filed his Amended Complaint, he assured this Court that it was unrelated to any of the claims he alleged in that

---

[2] The State Court Order, copies of which are attached to Dkts. 46 and 48, notes that plaintiff is charged with rape, criminal sexual act, strangulation, coercion, robbery, assault, aggravated family offense, criminal contempt, and witness tampering, and orders the DOC to prevent plaintiff from "making telephone calls except to the [plaintiff's] attorney . . . by any means necessary, including 23 hour lockdown." (Dkt. 46 at ECF pp. 2-3; Dkt. 48 at ECF pp. 4-5.)

pleading. *See* Am. Compl. at ECF p. 4 (plaintiff's "court order status has nothing to do with me attending religious services, or staff bringing the Iman to consult with me on [a] weekly basis").

Additionally, the filings at Dkts. 46 and 49 are unsigned, in violation of Fed. R. Civ. P. 11(a).

A federal court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The standard for a motion to supplement is the same as for a motion to amend the pleadings under Fed. R. Civ. P. 15(a)." *Bradshaw v. Uhler*, 2022 WL 2347088, at *7 (N.D.N.Y. June 15, 2022). However, "courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014); *see also Bradshaw*, 2022 WL 2347088, at *7 (denying motion to amend or supplement where the proposed pleading detailed a "new incident of wrongdoing" and asserted "new supervisory liability claims against certain proposed new defendants"); *Cook v. Bocina*, 1993 WL 526424, at *1 (S.D.N.Y. Dec. 14, 1993) (denying motion to amend where "the addition of the two defendants to this complaint would inject other legal doctrines and issues unrelated to the underlying claims"); *James v. Hinkson*, 1988 WL 15998, at *1 (E.D.N.Y. Feb. 19, 1988) (denying motion to amend where the "additional claim [was] unrelated factually to [the plaintiff's] original claim"); *McLean v. Scully*, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (under Rule 15(d), the proposed supplemental pleading must be "adequately related to the originally stated claims").

Here, as in *Amusement Indus.*, plaintiff's proposed new claims raise "collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case," 2014 WL 4460393, at *13, and therefore should be asserted, if at all, in a different

lawsuit under a different docket number. However, to the extent the State Court Order is relevant to plaintiffs' existing claims, the Court will take judicial notice of its existence and contents. *Liberty Mut. Ins. Co. v. Rotches Pork Packers Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013). Additionally, to the extent the filing at Dkt. 37 adds detail to plaintiff's claims alleging that he has been denied access to religious services, the Court will consider those factual allegations as supplementing his Amended Complaint for purposes of defendants' pending motion to dismiss. *See George v. Pathways to Hous., Inc.*, 2012 WL 2512964, at *6 n.7 (S.D.N.Y. June 29, 2012) (courts have discretion to consider factual allegations made in a *pro se* plaintiff's opposition papers "as supplementing the Complaint, at least to the extent they are consistent with the allegations in the Complaint"); *accord Adeniji v. New York State Off. of the State Comptroller*, 2019 WL 4171033, at *2 (S.D.N.Y. Sept. 3, 2019).

## Motion to Compel Discovery

The filing at Dkt. 39 is a motion to compel discovery.  The motion is DENIED as premature. No discovery conference has taken place; no discovery schedule has issued; and, as noted above, a motion to dismiss the Amended Complaint is pending. For avoidance of doubt, discovery is STAYED pending decision on the motion to dismiss.

## Motions for Summary Judgment and/or Default Judgment

Although plaintiff states in Dkts. 37 and 47 that he seeks summary judgment, he argues that he is entitled to judgment because defendants have "not yet answer[ed] my amended complaint." Dkt. 47 at 1. I therefore construe the motions as seeking the entry of a default judgment, pursuant to Fed. R. Civ. P. 55. Defendants are not in default. In lieu of an answer, they timely filed a motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4) (service of a Rule 12 motion

5

suspends the movant's time to file a responsive pleading until 14 days after the court decides the motion). Consequently, defendants need not respond to the motion at Dkt. 47.

### Motion for Appointment of Counsel

In his filing at Dkt. 37, plaintiff again asks that counsel be appointed for him in this action. The Court denied plaintiff's previous request for *pro bono* counsel on December 6, 2021, noting that "it is too early in the proceedings for the Court to assess the merits of the action." Dkt. 5 at 6. For the same reason, plaintiff's present motion is DENIED, without prejudice to renewal after the pending motion to dismiss is resolved.

### Conclusion

For the reasons set forth above, plaintiff's motions to amend or supplement the Amended Complaint (Dkts. 36, 45, 46, 49, 48), to compel discovery (Dkt. 39), and for the appointment of pro bono counsel (Dkt. 37) are DENIED. Plaintiff is reminded that his response to defendants' motion to dismiss is due no later than **August 25, 2022**.

The Clerk of Court is respectfully directed to remove the names of the proposed new defendants listed in Dkt. 45 – Santiago, Washington, and Bernier – as parties to this action. The Clerk is further directed to remove the Department of Corrections as a defendant in this action. On December 28, 2021, the Court dismissed plaintiff's claims against the Department of Correction "because an agency of the City of New York is not an entity that can be sued." (Dkt. 12, at 2.)

Dated: New York, New York
July 28, 2022

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**

6