USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/23/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KWAINE THOMPSON,

    Plaintiff,

-against-

CITY OF NEW YORK,

    Defendant.

21-CV-10371 (JGLC) (BCM)

**ORDER**

**BARBARA MOSES, United States District Judge.**

    The Court is in receipt of plaintiff's letter, dated February 12 and filed February 21, 2024, updating his address and requesting that the Court provide him with *pro bono* counsel. (Dkt. 107.)

    In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services *of pro bono* counsel sparingly, in order to preserve the "precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

    In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)

(per curiam). As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61.

The Court has applied these factors and determines that plaintiff's application for the appointment of counsel must be DENIED at this time. Although some of plaintiff's claims survived defendants' motion to dismiss, plaintiff has thus far been unable to provide corroborating evidence for most of those claims. Moreover, the situation in which plaintiff finds himself (facing a deposition while incarcerated), although challenging, is hardly unique, and does not require legal research or writing skills. Unfortunately, volunteer attorney time is a precious commodity and, thus, the Court cannot grant requests for *pro bono* counsel to every litigant in plaintiff's situation. *Cooper*, 877 F.2d at 172. This Order is without prejudice to plaintiff again seeking *pro bono* counsel should the circumstances warrant.

The Court is dismayed to learn that plaintiff has still not been provided with his hearing aids and glasses. If, as a result, he is unable to hear or see well enough to testify at his deposition, he may request that the deposition be postponed until he has obtained the necessary equipment. The Court notes, however, that plaintiff's current conditions of confinement are not the subject of the above-titled action, and cannot be redressed in this Court.

Dated: New York, New York
       February 23, 2024                 SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**