```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
|  |  |
|---|---|
| KWAINE THOMPSON,<br><br>                  Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK,<br><br>                  Defendant. | 21-CV-10371 (JGLC) (BCM)<br><br>**ORDER** |

**BARBARA MOSES, United States District Judge.**

      The Court has received and reviewed (i) plaintiff Kwaime Thompson's letter, dated February 24 and filed March 1, 2024 (Dkt. 109), stating that he has not received "the documents I'm suppose[d] to have from the city lawyer to bring with me to this upcoming video [deposition]"; and (ii) defendant City of New York's responding letter, dated March 5, 2024 (Def. Ltr.) (Dkt. 110), stating that "all discovery documents have been turned over to Mr. Thompson," including plaintiff's "Correctional Health Services and NYC H+H medical records, his movement log while he was detained at Riker's Island, his 311 call log, grievance history, and his inmate file, which includes any production orders that DOC retains in its possession," as well as "the monkeypox informational poster that DOC had located within its possession." Def. Ltr. at 1-2. Defendant requests that "the discovery deadline be stayed until Mr. Thompson affirms that he has received such documents so that he might be prepared to testify fully at his deposition by videoconference," which is currently scheduled to take place on March 13, 2024. *Id*. at 1.

      The Court notes that throughout the pendency of this case (during which the incarcerated plaintiff has been moved several times among correctional institutions), each party has frequently complained, both in letters and during conferences, that correspondence, discovery responses, or other documents due from the adverse party failed to arrive. (*See, e.g.*, Dkts. 76, 84, 91, 93, 94.) Partly for this reason, the fact discovery deadline has already been adjourned four times. (*See* Dkts.

78, 88, 100, 106.) On January 17, 2024, in a further effort to ensure that each party received the documents to which that party was entitled, I directed defendant to conduct plaintiff's deposition by February 29, 2024, and directed plaintiff to "bring with him to his deposition: (i) a copy of his written interrogatory responses (which were never received by defendant), and (ii) a copy of the Monkeypox testing poster that he has described (which was likewise never received by defendant)." (Dkt. 100.) Thereafter, when defendant sought leave to postpone plaintiff's deposition and conduct it remotely, I granted that request (giving defendant until March 15, 2024 to complete the deposition), but advised defendant that should it choose to conduct the deposition remotely, "it will be deemed to have waived any right to enforce, or seek sanctions for the violation of, the portion of this Court's Order dated January 17, 2024 (Dkt. 100), that directed plaintiff to bring certain documents with him to the deposition." (Dkt. 106.)

Defendant's newest request – that the deposition be postponed again, until plaintiff "affirms that he has received" the documents that defendant affirms it has sent – is DENIED. Given the history of this case, that road will likely lead only to further postponements and additional complaints about documents sent but never received. Moreover, this Court is not in a position to adjudicate whether any of the documents at issue were in fact sent – or were in fact received.[1] If defendant wishes to proceed with its remote (videoconference) deposition of plaintiff, now apparently scheduled for March 13, 2024, defendant may display any relevant documents to defendant on screen. Alternatively, should defendant wish to assure itself that plaintiff has received paper copies of the discovery documents it previously sent him by mail, it may make arrangements to take plaintiff's deposition in person, in which case defendant's counsel may personally deliver

---

[1] The Court notes that neither party has submitted any affidavit or declaration of service attesting under penalty of perjury that any specific documents were mailed to any specific address on any specific date.

2

the documents to plaintiff at the start of the deposition. If defendant elects this option, it must complete the deposition no later than **April 5, 2024**.

Dated: New York, New York
       March 7, 2024            SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3