# The Atlantic Foundation

June 25, 2025

**BY ECF**

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Thompson v. City of New York, et al.*, No. 21-cv-10371 (JGLC)(BCM) (*Thompson I*)
             *Thompson v. City of New York, et al.*, No. 22-cv-1458 (JPO)(KHP) (*Thompson II*)
             *Thompson v. Lemon, et al.*, No. 23-cv-2102 (JPO)(KHP) (*Thompson III*)

Dear Judge Clarke:

    I write respectfully on behalf of Plaintiff Kwaine Thompson, as pro bono counsel in his related § 1983 litigation (*Thompson III*) pending in this District, as referenced above, in response to the report (ECF No. 133) filed yesterday by Defendant City of New York (Defendant or City) pursuant to Your Honor's order of June 16, 2025, directing counsel to submit a status report based on Mr. Thompson's allegations of retaliation. *See* ECF No. 132.

    More specifically, I write to express concerns with the misleading nature of Defendant's letter. It is not an accurate reflection of Mr. Thompson's current circumstances, nor does it reflect his requests for court intervention, all of which I explained to defense counsel earlier this week by email. On Tuesday, I sent Mr. Ritchie an email, which read in relevant part,

> "Mr. Thomspon received the Court's order and telephoned me this morning to request that I advise you of the following:
>
> 1. Access to his tablet remains restricted without any reason. Most recently, DOC employee (T. Giddeon) apparently advised Mr. Thompson that his tablet privileges would be revoked for the next thirty days.
>
> 2. Mr. Thompson remains unable to access the $40 he was supposed to receive.
>
> 3. The tablet additionally supports Mr. Thompson's hearing (he wears a hearing aid), and he has not been able to access common privileges as other inmates because of the tablet restrictions/his disability.

**Hon. Jessica Clarke**
Jun. 25, 25
Page 2 of 2

       Mr. Thompson requested that you advise the court of the above, and he continues to face retaliation in various forms and, as such, he would greatly appreciate the Court's intervention."
(A copy of that email, including Mr. Ritchie's response, is attached to this letter, Ex. 1.)

       Rather than sharing any of Mr. Thompson's requests or alarm with the Court, Defendant's letter conveniently glosses over this information and seems to suggest a much different picture. Just this afternoon, I received a telephone call from Mr. Thompson in panic, renewing his pleas for help.

       On top of that, had defense counsel requested the specific details of the alleged transaction, I could have happily pointed him in the right direction. To name one thing: Mr. Thompson received a $50 deposit via Securus Debit on May 29, 2025 (ref. 44255461). A few days later, Mr. Thompson reports that $48 inexplicably disappeared.

       None of this would likely matter, but under the present circumstances in the related litigation, it's hard to sit idly by or remain silent. To be sure, since the beginning of this month, Plaintiff's right to counsel and the courts has been the focal point of *Thompson III*, *see, e.g.,* ECF Nos. 121, 123, 125. Last week, the Court held a conference on the matter and, earlier today, entered an order directing Defendant facilitate Plaintiff's access to counsel, ECF No. 136.

       Last but not least, Ms. Meyer—Plaintiff's settlement counsel in this case and a personal colleague—is away on travel overseas with intermittent internet access until mid-July.

*    *    *

       Thank you very much for Your Honor's consideration. Should the Court have questions or concerns, I am more than willing to help.

       Very truly yours,

       */s/ Sami Elamad\**

Enclosure:    June 24, 2025, Email Correspondence w/ Bryn Ritchie

cc:    Becca Mayer (via email and ECF)
       Bryn Ritchie (via email and ECF)
       Gregory Accarino (via email)
       Kwaine Thompson (via U.S. first-class mail)

---

\* I am currently admitted *pro hac vice* (limited appearance) in *Thompson III* and not a member of this Court. I am happy to file any necessary motion or application for purposes of filing this letter or any other purpose at the Court's discretion.